UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Michael Lemberger,

       Plaintiff,

v.                                                                                                         09-3072

Larry J. Phillips, et al.,

       Defendants.

### Order Dismissing Case for Failure to State a Claim

       The plaintiff was granted leave to proceed *in forma pauperis*, the court noting that:

[l]iberally construing the allegations, the plaintiff arguably states a claim that he was retaliated against for exercising his First Amendment rights, and that his right to equal protection was violated by the harassment of him because of his religion. While derogatory comments alone do not make out an equal protection claim, it would be premature to make that determination.

(4/6/09 text order).

       After this case was sent for service, the plaintiff moved to voluntarily dismiss all of the defendants except for Defendant Ewa, and the court granted that motion.  (4/30/09 text order). Those defendants who were dismissed allegedly retaliated against the plaintiff for filing a grievance about an Defendant Ewa's threats by intentionally placing Ewa on the plaintiff's unit. The plaintiff also seemed to be alleging that these administrators were treating him differently because of his religion.  The gravamen of the plaintiff's complaint appeared to be against those administrators, challenging their response to the plaintiff's grievance.

       What is left with the dismissal of those defendants is the plaintiff's case against Defendant Ewa.[1]  The court must dismiss cases proceeding in forma pauperis "at any time if the court determines that the action fails to state a claim." 28 U.S.C. § 1915(e)(1).

       The plaintiff alleges that he and Ewa had a verbal altercation, and that Ewa asked the plaintiff if the plaintiff would like Ewa to "teach him a lesson."  The plaintiff filed a grievance against Ewa, accusing Ewa of threatening him.  Subsequently, Ewa was placed on the plaintiff's

---

[1] Ewa no longer works for DHS.  Waivers of service have been sent to his forwarding address but have not been returned.

wing, where Ewa taunted the plaintiff over the intercom about teaching the plaintiff a lesson. Ewa also refused to open the plaintiff's door, remarking that, "All you Jews are the same. You all want something."

While Ewa's alleged behavior was unprofessional and his remark deplorable, these actions do not arise to the level of a constitutional violation. *Dewalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)(citations omitted)("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."). The plaintiff alleges that Ewa took these actions in retaliation for the plaintiff's grievance. It is true that conduct that does not independently violate the Constitution can become actionable if done in retaliation for the exercise of a constitutional right. But *de minimis* misconduct is not actionable. The retaliation must be sufficiently serious to be actionable—adverse enough to deter a person of "ordinary firmness". *Bridges v. Gilbert,* 557 F.3d 541, 552 (7th Cir. 2009), 557 F.3d at 552. The plaintiff alleges that Ewa continued his verbal harassment and refused to unlock the plaintiff's door, in retaliation for the plaintiff's grievance against Ewa. This alone does not allow an inference that Ewa engaged in the kind of systemic pattern of retaliatory conduct that would be actionable under the Constitution. *Cf. Bridges,* 557 F.3d at 552 (7th Cir. 2009). In short, the plaintiff's allegations, even liberally construed, do not "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level. . . ." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965, 1973 n. 14 (2007).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1), this case is dismissed for failure to state a claim. All pending motions are denied as moot and this case is closed. The status conference scheduled for September 23, 2009, is cancelled as unnecessary.

Entered this 18th Day of September, 2009.

**s\Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE